BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
National Security Division
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorney
Transnational Organized Crime Section
      1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-3667/5748/0813
      Facsimile: (213) 894-0141
      E-mail:    ian.yanniello@usdoj.gov
                 amanda.elbogen@usdoj.gov
                 daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>AUDREY ILLEENE CARROLL, et al.,<br><br><br>              Defendants. | No. CR 25-1022-MWF<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br><br>**CURRENT TRIAL DATE:** 02/17/2026<br>**PROPOSED TRIAL DATE:** 10/13/2026 |

        Plaintiff United States of America, by and through its counsel

of record, Assistant United States Attorneys Ian V. Yanniello, Amanda

B. Elbogen, and Daniel H. Weiner, and defendant AUDREY ILLEENE

CARROLL ("defendant CARROLL"), both individually and by and through

her counsel of record, Erica Choi; defendant DANTE JAMES

ANTHONY-GAFFIELD ("defendant GAFFIELD"), both individually and by and

through his counsel of record, Robert Schwarz; and defendant TINA LAI ("defendant LAI"), both individually and by and through her counsel of record, Humberto Diaz, ("the Stipulating Defendants"), hereby stipulate as follows:

1.    The Indictment in this case was filed on December 23, 2025. Defendants CARROLL, ZACHARY AARON PAGE ("defendant PAGE"), GAFFIELD, and LAI first appeared before a judicial officer of the court in which the charges in this case were pending on December 15, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before March 3, 2026.

2.    On January 5, 2026, for defendants CARROLL and PAGE, the Court set a trial date of February 17, 2026.  On January 2, 2026, for defendant LAI, the Court set a trial date of February 17, 2026.  On January 20, 2026, for defendant GAFFIELD, the Court set a trial date of February 17, 2026.

3.    All defendants are detained pending trial.  The government estimates that its case-in-chief will last approximately five to seven court days.  All defendants are joined for trial and a severance has not been granted.

4.    By this stipulation, the Stipulating Defendants move to continue the trial date to October 13, 2026.  Additionally, the parties[1] move to set the following pretrial schedule:

        a.    Government expert disclosure deadline: June 1, 2026

        b.    Defense expert disclosure deadline: July 1, 2026

_____

[1] The parties, including counsel for defendant CARROLL, met and conferred regarding the proposed briefing schedule and deadlines set forth below.

1            c.    Pretrial motions other than motions *in limine*:

2                  i.   Motions due: August 3, 2026

3                  ii.  Oppositions due: August 17, 2026

4                  iii. Optional replies due: August 31, 2026

5                  iv.  Hearing date: September 14, 2026

6            d.    Government's disclosures pursuant to Fed. R. Evid.

7 404(b): August 3, 2026

8            e.    Reciprocal discovery deadline: August 10, 2026

9            f.    Motions *in limine*:

10                  i.   Motions due: August 24, 2026

11                  ii.  Oppositions due: September 7, 2026

12                  iii. Hearing date/pretrial conference: September 21,

13 2026

14     5.   This is the first request for a continuance.

15     6.   The Stipulating Defendants request the continuance based

16 upon the following facts, which the parties believe demonstrate good

17 cause to support the appropriate findings under the Speedy Trial Act:

18           a.    All defendants are charged with Providing and

19 Attempting to Provide Material Support to Terrorists, in violation of

20 18 U.S.C. § 2339A, and Possession of Unregistered Firearms, in

21 violation of 26 U.S.C. § 5861(d).  Defendants CARROLL and PAGE are

22 also charged with Conspiracy to Use Weapon of Mass Destruction, in

23 violation of 18 U.S.C. § 2332a.  Discovery in this case includes,

24 among other things, over 240 GBs of digital evidence such as

25 audio/video recordings and surveillance footage; and over 20,000

26 pages of records and reports.

27           b.    Defense counsel represent that they have various

28 substantive obligations which necessitate the continuance of the

trial to October 13, 2026.  The list of obligations for defense counsel is attached hereto as Appendix A and is incorporated as if fully set forth herein.

c.   In light of the foregoing, counsel for the Stipulating Defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.   The Stipulating Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

e.   The government does not object to the continuance.

f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7.   For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period from the date this stipulation is filed to October 13, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants'

4

request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.    Defendant PAGE does not join in the stipulation to continue the trial in this matter.  Nonetheless, defendants GAFFIELD and LAI agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period from the date the stipulation is filed to October 13, 2026, inclusive, constitutes a reasonable period of delay for defendant PAGE, who is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

///

///

9.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 26, 2026          Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division


_____/s/_____
IAN V. YANNIELLO
AMANDA B. ELBOGEN
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1    I am AUDREY ILLEENE CARROLL's attorney.  I have carefully

2  discussed every part of this stipulation and the continuance of the

3  trial date with my client.  I have fully informed my client of his

4  Speedy Trial rights.  To my knowledge, my client understands those

5  rights and agrees to waive them.  I believe that my client's decision

6  to give up the right to be brought to trial earlier than October 13,

7  2026 is an informed and voluntary one.

8

    _____        2/4/26
    _____
9  ERICA CHOI                               Date
   Attorney for Defendant
10 AUDREY ILLEENE CARROLL

11

12    I have read this stipulation and have carefully discussed it

13 with my attorney.  I understand my Speedy Trial rights.  I

14 voluntarily agree to the continuance of the trial date, and give up

15 my right to be brought to trial earlier than October 13, 2026.

16

    _____        2/4/26
17 AUDREY ILLEENE CARROLL                   Date
   Defendant

18

19

20

21

22

23

24

25

26

27

28

                              7

1    I am DANTE JAMES ANTHONY-GAFFIELD's attorney.  I have carefully

2  discussed every part of this stipulation and the continuance of the

3  trial date with my client.  I have fully informed my client of his

4  Speedy Trial rights.  To my knowledge, my client understands those

5  rights and agrees to waive them.  I believe that my client's decision

6  to give up the right to be brought to trial earlier than October 13,

7  2026 is an informed and voluntary one.

8

9  _____    Date _2/3/26_____

   ROBERT SCHWARZ
   Attorney for Defendant
10  DANTE JAMES ANTHONY-GAFFIELD

11

12    I have read this stipulation and have carefully discussed it

13  with my attorney.  I understand my Speedy Trial rights.  I

14  voluntarily agree to the continuance of the trial date, and give up

15  my right to be brought to trial earlier than October 13, 2026.

16

17  _____    2|2|2026
   DANTE JAMES ANTHONY-GAFFIELD    Date
   Defendant

18

19

20

21

22

23

24

25

26

27

28

8

1    I am TINA LAI's attorney.  I have carefully discussed every part
2  of this stipulation and the continuance of the trial date with my
3  client.  I have fully informed my client of his Speedy Trial rights.
4  To my knowledge, my client understands those rights and agrees to
5  waive them.  I believe that my client's decision to give up the right
6  to be brought to trial earlier than October 13, 2026 is an informed
7  and voluntary one.

8

9  _____        01/30/2026
   HUMBERTO DIAZ                             _____
   Attorney for Defendant                    Date
10 TINA LAI

11

12    I have read this stipulation and have carefully discussed it
13 with my attorney.  I understand my Speedy Trial rights.  I
14 voluntarily agree to the continuance of the trial date, and give up
15 my right to be brought to trial earlier than October 13, 2026.

16 _____        1/30/2026
17 TINA LAI                                  _____
   Defendant                                Date

18

19

20

21

22

23

24

25

26

27

28